Williams, J.
The objection which the plaintiff in error makes to the petition is, that it fails to show the termination of the criminal prosecution complained of, in such a manner as will enable the plaintiff to maintain the action; the contention being that, to sustain the action, it is not enough that the prosecution be ended by the entry of a- nolle prosequi to the indictment, but the plaintiff must show that he was acquitted of the charge.
The action for malicious prosecution is given for the redress of the injury caused by the institution of a criminal proceeding on a false charge made maliciously and without probable cause; and it is essential that the prosecution shall have been legally terminated before the commencement of the action, for the reason that until so terminated *158 it cannot be known that the accused will not be convicted ; and if convicted, probable cause for the prosecution will be conclusively established. Upon the question as to what will amount to such a termination, the authorities are not in entire harmony. The rule is sometimes broadly stated that the defendant in the prosecution must have been fully acquitted on a trial; though, in some instances where the rule is thus laid down, it will be found on an examination of the cases, that precise question was not involved. This was so in the case of Bacon v. Town, 4 Cush. 217, in which it is said by Chief Justice Shaw, that it must appear, before the action will lie, that the defendant in the indictment was fully acquitted, and a nolle prosequi is not sufficient. That case is sometimes cited as supporting the proposition that under no circumstances will the entry of a nolle prosequi to the indictment constitute such a termination of the criminal proceeding as will sustain an action for maliciously instituting and prosecuting it. But it appeared in that case, that the nolle relied on as ending the prosecution was entered because of a defect in the indictment. And, speaking of the rule there announced, the same learned judge, in the case of Parker v. Farley, 10 Cush. 279, said : “Were this a new and original question to be decided upon principle, it might be doubted whether it would be just and wise to establish this as an inflexible rule of practice, ” because, it is said, cases might arise where a nolle prosequi is entered without the consent of the accused, and against his remonstrance, thus depriving him of his right of showing the charge was groundless. In this last case, the nolle had been entered to the indictment in pursuance of an *159 agreement between the accused and the prosecuting officer; and such a termination of the prosecution, it was held,. was not sufficient to entitle the plaintiff to maintain his action. The case was so limited and construed in the later one of Graves v. Dawson 130, Mass. 78, where it was held that whether a nolle prosequi is or is not such a termination of a criminal proceeding as is necessary to sustain an action for malicious prosecution depends upon the other facts.
On the other hand, many English and American eases hold that the prosecution is effectually ended by the entry of a nolle prosequi, and a discharge of the accused, who is then entitled to bring and maintain his action for the damages sustained by reason of the prosecution, if it be shown to have been malicious and without probable cause.
We have found no adjudication of this court upon the question; though it was said by Scott, J., in Fortman v. Rottier, 8 Ohio St., 550, that the plaintiff in an action for malicious prosecution must show that he was acquitted of the charge. The question, however, was not involved in that ease. Considering the question on principle, it would seem that the reason of the rule requiring the termination of the prosecution before the commencement of the action, is as well satisfied where the prosecution is ended by a nolle prosequi, followed by the discharge of the accused, as it is by his acquittal of the charge. The prosecution being so ended, there can thereafter be no conviction oE the accused in that proceeding, and therefore no opportunity to establish in that proceeding the existence of probable cause for the prosecution. True, a nolle may be entered at a time when it will not preclude another prosecution for the same *160 offense; but the institution of another prosecution requires a new complaint or indictment, and it becomes a new proceeding. The former one, after the discharge of the defendant therefrom, cannot be reinstated or revived and proceeded with; or if it could be, unless that is done within the proper time, the prosecution would nevertheless be ended. And when the accused is deprived of a trial, by the entry of a nolle prosequi, the injury he sustains from the malicious prosecution may be no less serious or certain than if he had been acquitted on a trial. In either case, he is still required to show malice and the want of probable cause for the prosecution, before he can recover; and if these can be shown, there appears to be no substantial reason why he should not have re- ’ dress in the one ease as well as in the other.. Nor, can it be said that the right to maintain the action in the one case, any more than in the other, would operate to deter prudent persons from instituting criminal prosecutions in good faith, and ostensibly for the public good. Placing the burden on the plaintiff of proving malice and wa.nt of probable cause for the prosecution, affords ample protection to those who in good faith institute criminal prosecutions in the public interest.
Our statute forbids the entry of a nolle prosequi in any cause, “without leave of the court, on good cause shown, in open court. ” Revised Statutes, section 1275. The allegation of the petition that the nolle prosequi to the indictment against the plaintiff was entered by order of the court in which it was pending, at the request of the prosecuting officer, imports that it was so entered upon good cause shown, in open court, in conformity with the statute ; and, with the further allegation that *161 the prosecution was wholly ended and the plaintiff discharged, a termination of the prosecution of which the plaintiff complained, is, we think, sufficiently averred.
Beside, the statute on which the prosecution was based, section 6868, of the Revised Statutes, expressly limits the time within which prosecutions under it shall be commenced, to one year from the time the offense was committed; and the record in the case shows more than that period had elapsed when the. plaintiff below commenced his action; so that, at that time no further prosecution could be had for the alleged offense, and the prosecution was therefore finally ended.

Judgment affirmed.